**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHICAGO RABBINICAL COUNCIL, INC., an Illinois Not-For-Profit Corporation, | |
| Plaintiff, | Case No. |
| v. | |
| ABDUL REHMAN GROUP, INC., d/b/a MOUNSEF INTERNATIONAL, INC., d/b/a AL-KHYAM BAKERY AND GROCERY, an Illinois Corporation, | |
| Defendants. | |

## COMPLAINT

Plaintiff, CHICAGO RABBINICAL COUNCIL, INC., by and through its attorneys, Aronberg Goldgehn Davis & Garmisa, for its Complaint against ABDUL REHMAN GROUP, INC., d/b/a MOUNSEF INTERNATIONAL, INC., d/b/a AL-KHYAM BAKERY AND GROCERY states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

### Nature of the Case

1.     This action is brought by Plaintiff to put an end to Defendant's wrongful affixation of the "cRc" certification trademark (U.S. Registration No. 1,382,849) on its products, packages, and labels without Plaintiff's approval or permission to use that certification trademark.

2.     This is an action for trademark infringement in violation of 15 U.S.C. § 1114 (Section 32 of the Lanham Act); the use of false designation of origin and false and misleading descriptions and representations in violation of 15 U.S.C. § 1125(a) (Section 43 of the Lanham Act); trademark dilution in violation of 15 U.S.C. § 1125(c); trademark counterfeiting in violation

of 15 U.S.C. § 1114(1); Illinois common law trademark infringement and unfair competition; trademark dilution in violation of Illinois law (765 ILCS § 1036/65); and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510/1 *et seq.*).

### The Parties

3.     Plaintiff, Chicago Rabbinical Council, Inc. ("CRC"), is an Internal Revenue Code Section 501(c)(3) not-for-profit corporation, which serves the public benefit and is organized and exists under the law of the State of Illinois.

4.     Defendant, Abdul Rehman Group, Inc. is a corporation organized under the law of the State of Illinois with its principal place of business at 4738 N. Kedzie Avenue, Chicago, Illinois 60625.

5.     Abdul Rehman Group, Inc. is doing business as Mounsef International, Inc. and/or Al-Khyam Bakery and Grocery. Aa true and correct printout from the Illinois Secretary of State's website database for Abdul Rehman Group, Inc.is attached as **Exhibit A**.

### Jurisdiction and Venue

6.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 15 U.S.C. 1121, as it involves substantial claims arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and under the state laws of Illinois.

7.     This Court has supplemental jurisdiction over CRC's state law claims pursuant to 28 U.S.C. § 1367(a).

8.     This Court has personal jurisdiction over Defendant because Defendant has its principal place of business in Illinois, is an Illinois Corporation, and transacted business relative to the claims made within the State of Illinois and within this District.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

**Factual Background**

*cRc Certification Trademark*

10.      CRC is the oldest and most respected organization in the Midwest that provides kosher certifications to persons and businesses engaged in the manufacture, distribution, and sale of food.  The kosher certification process consists of a comprehensive review and inspection of the entire food manufacturing process, including a review or certification of all ingredients used in the manufacture of an item, as well as, all equipment or utensils that come in contact with such ingredients.

11.      For more than 65 years, CRC has used the cRc certification trademark to indicate the food products or equipment used in connection with such food products are kosher.

12.      On January 7 1985, CRC filed a federal trademark application for the cRc



certification mark                 ("cRc Mark").  The United States Patent and Trademark Office registered the cRc Mark on February 11, 1986 (U.S. Registration No. 1,382,849).  A true and correct copy of the registration certificate is attached as **Exhibit B**.

13.      The cRc Mark is "used by persons authorized by the certifier to certify a reliable rabbinical approval of food products as being kosher."

14.     A certification by CRC through the cRc Mark signifies a determination that in CRC's analysis, the product in question meets all requirements mandated for the production and consumption of kosher food.

15.     Consumers rely on the presence of the cRc Mark on products to fulfill his or her kosher obligations, as well as the companies who manufacture, distribute, and sell kosher products for the kosher consumer.

16.     The presence of the cRc Mark on a product provides an objective and unbiased certification by CRC that the equipment and/or processes used in manufacturing various food products meet or exceed kosher standards.

17.     CRC has invested substantial time, effort, and money educating and training its staff of supervisors and others to ensure compliance with its kosher certification standards.

18.     As a result of CRC's history, excellent reputation, and investment in the cRc Mark, CRC's kosher certification has become the most recognized, trustworthy, and highly regarded kosher certification in the Midwest.

19.     As a result of CRC's substantial efforts, the cRc Mark has become famous in the minds of consumers as a reliable and accurate kosher certification.

20.     The cRc Mark is an extremely valuable asset of CRC.

*Defendant's wrongdoing*

21.     On July 11, 2011, CRC and Defendant entered into a contact, that could be renewed annually by payment, that permitted Defendant's use of the cRc Mark to prepare, manufacture, produce, package, and/or make available certain kosher products to the public.  A true and correct copy of the Agreement is attached as **Exhibit C**.

22.     Use of the cRc Mark on Defendant's products packaged and/or produced by it represented to the community that it supervises the production of the product and that the products produced comply with the requirements of Halacha (Jewish Religious Dietary Law).

23.     Defendant was authorized to use the cRc Mark on its products, packages, and labels until, at the latest, May 29, 2019, when Defendant breached the Agreement.

24.     On May 29, 2019, CRC sent a letter to Defendant informing it that the contract has been terminated for Defendant's failure to observe the terms of the contract.  The letter stated that "any use of [the cRc Mark], including its display on packaging or labels, constitutes a violation of [CRC's] trademark rights which are protected under federal, state and common law."  A true and correct copy of the May 29 letter is attached as **Exhibit D**.

25.     Thereafter, Defendant continued using the cRc Mark on its packaging and labels without permission or authorization from CRC.

26.     On June 6, 2019, CRC sent another letter to Defendant requesting that it cease and desist from using the cRc Mark on its packaging and labels.  A true and correct copy of the June 6, 2019 letter is attached as **Exhibit E**.

27.     Thereafter, Defendant continued using the cRc Mark on its packaging and labels without permission or authorization from CRC.

28.     On November 7, 2019, CRC sent a third letter to Defendant requesting *inter alia* that Defendant cease all unauthorized use of the cRc Mark in connection with the sale of food products and eliminate all reference to the cRc Mark on its website.  A true and correct copy of the November 7, 2019 letter is attached as **Exhibit F**.

29.     Defendant continues using the cRc Mark on its packaging and labels without permission or authorization from CRC.

30. Defendant's wrongful acts are an intentional and willful misappropriation of the cRc Mark and the goodwill and reputation associated with it.

31. Defendant's continued unauthorized use of the cRc Mark has been done and continues to be done with the intent to confuse and mislead the public into believing that the Defendant's products are kosher and have been approved by the CRC.

32. Defendant's wrongful acts have and will continue to have a substantial and adverse effect on United States commerce as the consumers are wrongfully informed and believe that Defendant's products are kosher and certified as such by CRC.

33. Defendant's wrongful acts and/or willful infringements have caused and will continue to cause irreparable harm to CRC unless permanently enjoined, for which CRC has no adequate remedy at law.

34. Defendant is profiting and will continue to profit from their unlawful actions.

35. CRC has been damaged on account of Defendant's failure to pay for its kosher certifications.

36. Defendant's unlawful actions are causing and will continue to cause CRC monetary damages in an amount presently unknown, but to be determined at trial.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

37. Plaintiff repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

38. CRC is the owner of the cRc Mark.

39. The cRc Mark is valid and enforceable.

40. Defendant has used and continues to use the cRc Mark on its products, packages, and labels without authorization or permission from CRC.

41.     Defendant's use of the cRc Mark on its products, packages, and labels have caused and/or is likely to cause confusion or mistake in the minds of consumers to believe that Defendant's products carrying the cRC Mark emanate or originate from CRC and/or that CRC has certified Defendant's products, which are false.

42.     Defendant's infringing conduct is intended to exploit the goodwill and reputation associated with the cRc Mark and to obtain a competitive advantage without expenditure of resources, by a strategy of willful infringement.

43.     CRC has no control or supervision over the Defendant's products that bear the cRc Mark.

44.     CRC's valuable goodwill has been and continues to be damaged by Defendant through its products, packages, and labels which are falsely certified as having been approved by the CRC.

45.     Defendant's wrongful acts and/or wrongful infringements, for which CRC has no adequate remedy at law, have caused and will continue to cause irreparable harm to CRC unless permanently enjoined.

46.     Defendant is liable for trademark infringement, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

**COUNT II**
**FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND**
**FALSE AND MISLEADING REPRESENTATIONS (15 U.S.C. § 1125(a))**

47.     Plaintiff repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

48.     CRC is the owner of the cRc Mark.

49.     The cRc Mark is valid and enforceable.

50.     Defendant has used and continues to use the cRc Mark on its products, packages, and labels without authorization or permission from CRC.

51.     Defendant's use of the cRc Mark on its products, packages, and labels have caused and/or is likely to cause confusion or mistake in the minds of consumers to believe that Defendant's products carrying the cRc Mark are certified by and/or that CRC has approved, sponsored, or otherwise associated itself with Defendant's products carrying the cRc Mark, which are false.

52.     Defendant's use of the cRc Mark on its products, packages, and labels misrepresents to the public that its goods are certified by CRC.

53.     Defendant's wrongful conduct is intended to exploit the goodwill and reputation associated with the cRc Mark and to obtain a competitive advantage without expenditure of resources, by a strategy of willful infringement.

54.     CRC has no control or supervision over Defendant's products that bear the cRc Mark.

55.     CRC's valuable goodwill has been and continues to be damaged by Defendant through its products and packages which are falsely certified as meeting all certification requirements by the CRC.

56.     Defendant's wrongful acts and/or wrongful infringements, for which CRC has no adequate remedy at law, has caused and will continue to cause irreparable harm to CRC unless permanently enjoined.

57.     Defendant is liable for trademark infringement, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III
## TRADEMARK DILUTION (15 U.S.C. § 1125(c))

58.     Plaintiff repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

59.     CRC is the owner of the cRc Mark.

60.     The cRc Mark is valid and enforceable.

61.     Defendant has used and continues to use the cRc Mark on its products, packages, and labels without authorization or permission from CRC.

62.     Due to CRC's 65 years of continuous use in commerce, the cRc Mark is famous within the meaning of the law, and was famous prior to the acts committed by Defendant discussed herein.

63.     Defendant's unauthorized use of the famous cRc Mark injures CRC's business reputation and has diluted and/or is likely to dilute the distinctive qualities of the cRc Mark.

64.     Defendant's wrongful acts and/or wrongful infringements, for which CRC has no adequate remedy at law, have caused and will continue to cause irreparable harm to CRC unless permanently enjoined.

65.     Defendant is liable for trademark dilution, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(c).

## COUNT IV
## TRADEMARK COUNTERFEITING (15 U.S.C. § 1114(1))

66.     Plaintiff repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

67.     CRC is the owner of the cRc Mark.

68.     The cRc Mark is valid and enforceable.

9

69.     Defendant has used and continues to use the cRc Mark on its products, packages, and labels without authorization or permission from CRC.

70.     Defendant's use of the cRc Mark on its products, packages, and labels have caused and/or is likely to cause confusion or mistake in the minds of consumers to believe that Defendant's products carrying the cRc Mark are certified by and/or that CRC has approved, sponsored, or otherwise associated itself with Defendant's products carrying the cRc Mark, which are false.

71.     Defendant's use of the cRc Mark on its products, packages, and labels misrepresents to the public that its goods are certified by CRC.

72.     Defendant's wrongful conduct is intended to exploit the goodwill and reputation associated with the cRc Mark and to obtain a competitive advantage without expenditure of resources, by a strategy of willful infringement.

73.     CRC has no control or supervision over Defendant's products that bear the cRc Mark.

74.     CRC's valuable goodwill has been and continues to be damaged by Defendant through its products and packages which are falsely certified as meeting all certification requirements by the CRC.

75.     Defendant's wrongful acts and/or wrongful infringements, for which CRC has no adequate remedy at law, has caused and will continue to cause irreparable harm to CRC unless permanently enjoined.

76.     Defendant's actions constitute willful and intentional use of counterfeits of the cRc Mark in total disregard of CRC's proprietary rights.

77.     Defendant's knowledge that the use, reproduction, counterfeit, copy, or colorable imitation of the cRc Mark has been and continues to be a violation of CRC's rights.

78.     Defendant's infringement is not innocent because it has had prior and ongoing notice of the cRc Mark.

79.     Defendant is liable for trademark counterfeiting in violation of 15 U.S.C. § 1114(1).

80.     Defendant's actions make this case exceptional under 15 U.S.C. § 1117(a).

## COUNT V
## ILLINOIS COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

81.     Plaintiff repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

82.     CRC is the owner of the cRc Mark.

83.     The cRc Mark is valid and enforceable.

84.     CRC, at great expense and effort, has acquired a property interest in the State of Illinois in the cRc Mark.

85.     Defendant has misappropriated CRC's labors and expenditures.

86.     Defendant has used and continues to use the cRc Mark on its products, packages, and labels without authorization or permission from CRC.

87.     Defendant's use of the cRc Mark on its products, packages, and labels have caused and/or is likely to cause confusion or mistake in the minds of consumers to believe that Defendant's products carrying the cRc Mark are certified by and/or that CRC has approved, sponsored, or otherwise associated itself with Defendant's products carrying the cRc Mark, which are false.

88.     Defendant's conduct is an attempt to wrongfully profit from the expense, effort, and reputation of CRC within the State of Illinois.

89. Defendant's wrongful acts and/or wrongful infringements, for which CRC has no adequate remedy at law, have caused and will continue to cause irreparable harm to CRC unless permanently enjoined.

90. Defendant is liable for trademark infringement, in violation of Illinois law.

91. CRC is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

**COUNT VI**
**TRADEMARK DILUTION**
**ILLINOIS TRADEMARK REGISTRATION AND PROTECTION ACT**
**(765 ILCS 1036/65)**

92. Plaintiff repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

93. CRC is the owner of the cRc Mark.

94. The cRc Mark is valid and enforceable.

95. The cRc Mark is distinctive and famous within the meaning of 765 ILCS 1036/65, and was famous prior to the acts committed by Defendant discussed herein.

96. Defendant has used and continues to use the cRc Mark on its products, packages, and labels without authorization or permission from CRC.

97. Defendant's use of the famous cRc Mark injures CRC's business reputation and has diluted and/or is likely to dilute the distinctive qualities of the cRc Mark.

98. Defendant's wrongful acts and/or wrongful infringements, for which CRC has no adequate remedy at law, have caused and will continue to cause irreparable harm to CRC unless permanently enjoined.

99. Defendant is liable for trademark dilution, in violation of 765 ILCS 1036/65.

100.    CRC is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

## COUNT VII
## DECEPTIVE AND UNFAIR TRADE PRACTICES
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT 815 ILCS § 501/1 *et seq.*

101.    Plaintiff repeats and re-alleges each of the foregoing paragraphs as though fully set forth herein.

102.    CRC is the owner of the cRc Mark.

103.    The cRc Mark is valid and enforceable.

104.    CRC, at great expense and effort, has acquired a property interest in the State of Illinois in the cRc Mark.

105.    Defendant has used and continues to use the cRc Mark on its products, packages, and labels without authorization or permission from CRC.

106.    Defendant intentionally, willfully, and unlawfully misappropriated CRC's rights in the cRc Mark.

107.    Defendant's intentional and willful acts have unfairly deceived the public, and will continue to unfairly deceive the public, causing confusion and mistake as to the affiliation, connection, or association with, or certification approval, or sponsorship by CRC.

108.    Defendant's use of the cRc Mark on its products, packages, and labels have caused and/or is likely to cause confusion or mistake in the minds of consumers to believe that Defendant's products carrying the cRc Mark are certified by and/or that CRC has approved, sponsored, or otherwise associated itself with Defendant's products carrying the cRc Mark, which are false.

109.    Defendant's conduct is an attempt to wrongfully profit from the expense, effort, and reputation of CRC within the State of Illinois.

110.    Defendant's wrongful acts and/or wrongful infringements, for which CRC has no adequate remedy at law, have caused and will continue to cause irreparable harm to CRC unless permanently enjoined.

111.    Defendant is liable for deceptive and unfair trade practices, in violation of 815 ILCS § 510/1 *et seq*.

112.    CRC is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHICAGO RABBINICAL COUNCIL, INC., respectfully requests that this Court:

1.    Grant judgment in favor of CRC and against Defendant on all claims;

2.    Temporarily, preliminarily, and permanently enjoin and restrain Defendant, their officers, agents, servants, employees, attorneys, successors, assignees, and subsidiaries, and any and all persons acting in concert or participating with them, from:

   a.    using the cRc Mark, or any reproduction, counterfeit, copy, or colorable image of said mark, in connection with the manufacturing, distribution, transportation, sale, offer for sale, or distribution of food products, that is not a genuine CRC kosher certification;

   b.    using the cRc Mark or any reproduction, counterfeit, copy, or colorable imitation of the same, in any manner likely to cause others to believe that Defendant's products are approved by CRC;

   c.    passing-off, inducing, or enabling others to sell or pass off any products, which are not approved by CRC as having been approved by CRC;

d.      making any false or misleading statements regarding CRC or its services, or the relationship between CRC and Defendant;

e.      committing any other acts calculated to cause purchasers to believe that Defendant's products are approved by CRC;

f.      shipping, delivering, holding for sale, importing, distributing, returning, transferring, or otherwise moving or disposing of in any manner such kosher certifications falsely beating the cRc Mark or any reproduction, counterfeit, copy, or colorable imitation of the same;

g.      disposing of, destroying, moving, secreting, relocating, and/or transferring any and all of Defendant's stock and inventory of wrongfully labeled products branded with the cRc Mark, without Court direction; and

h.      assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs.

3.      Order Defendant and any and all persons controlled by or acting in concert with Defendant to be required to deliver up to CRC for destruction all goods, packages, and any other written or printed materials that bear or depict the cRc Mark, or any reproduction, counterfeit, copy, or colorable imitation of the same, or that are otherwise in violation of this Court's order issued pursuant hereto, an all means for making the same;

4.      Order Defendant to account for, and pay over to CRC, Defendant's profits, all damages sustained by CRC, and costs of this action pursuant to 15 U.S.C. § 1117(a);

5.      Increase the amount of damages and/or profits awarded to CRC in a sum equal to three times the actual damages suffered by CRC, as provided in 15 U.S.C. § 1117(b);

6.     Award CRC statutory damages for Defendant's use of a counterfeit mark in the amount of $2,000,000 per counterfeit mark per type of food sold, offered for sale, or distributed pursuant to 5 U.S.C. § 1117(c).

7.     Award CRC such punitive damages for Defendant's willful and intentional acts of unfair competition and infringement of CRC's rights that the Court shall deem just and proper;

8.     Award CRC the fees, costs, and disbursements, with interest, expended in connection with any actions taken to investigate and confirm the claims made herein;

9.     Award CRC its reasonable attorneys' fees, costs, disbursements, with interests, as provided by law;

10.     Grant such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.


Dated: December 18, 2019                    Respectfully submitted,


                                            /s/ *Christopher W. Niro*
                                            Christopher W. Niro

                                            ***One of the Attorneys for Plaintiff, Chicago Rabbinical Council, Inc.***


Christopher W. Niro
Nathan H. Lichtenstein
Kristina D. Diesner
ARONBERG GOLDGEHN DAIVS & GARMISA
330 N. Wabash Avenue, Suite 1700
Chicago, IL 60611
312-755-3161
cniro@agdglaw.com
nlichtenstein@agdglaw.com
kdiesner@agdglaw.com

4839-6043-4095 v.1

16